# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : | Bankruptcy No.  12-21414 |
|  | : |  |
| Antonio L. Bettinsoli | : |  |
| Plaintiff, | : | ADV. PRO. NO |
|  | : |  |
| v. | : |  |
|  | : |  |
| Irwin Home Equity Loan Trust 2007-1. | : |  |
| Defendant | : |  |

## COMPLAINT

1.  This is an action brought under the Bankruptcy Code, 11 U.S.C. §101 et seq.,

seeking a declaration that a lien held by defendant on plaintiff's real property is void and an

order directing defendants to take all action necessary to extinguish the lien.

2.  Jurisdiction is conferred on this Court by U.S.C. §1334.  This proceeding is a core

proceeding.

3.  Plaintiff's action for declaration relief is authorized by 28 U.S.C. §2201 and §2202.

4.  Plaintiff, Antonio L. Bettinsoli, is the adult individual  who resides at 119 Wynwood
Drive Willow Street, PA 17584.

5.  Defendant, Irwin Home Equity Loan Trust 2007-1, is a banking institutions doing business in

Lancaster, PA .

6.  On March 11, 2014, plaintiff filed a petition for relief under Chapter 13 of the

Bankruptcy Code.

7.  Defendant holds a second mortgages against plaintiff's residence, based on the following:

   a. The original mortgagee was Corinthian Mortgage Corporation DBA SouthBanc Mortgage;

   b. Corinithian  Mortgage assigned its Mortgage Note to Irwin Union Bank and Trust Company, which was closed on September 18, 2009 by the FDIC ;

   c. As stated Proof of Claim No. 1, filed in Debtor's Bankruptcy, Irwin Home Equity Loan Trust 2007-1 is the current owner of the instant second mortgage.

    d.  Plaintiff believes and therefore avers that Wells Fargo Bank is the Trustee for Defendant and both Greentree Servicing LLC and Wells Fargo Bank shall be served with the instant Complaint.

8. Defendant filed a Proof of Claim on the said second mortgage in the amount of 43,323.20..

9. The fair market value of plaintiff's residence, as of the time of the instant filing, was not greater than $150,812.00,

10. Plaintiff's residence is also subject to a first mortgage held by Bank of New York Mellon in the amount of $155,143.54.00 which has priority over defendant's mortgage.

11. The first mortgage secures a debt which is in excess of the fair market value of

plaintiff's residence.

12. Accordingly, the proposed Proof of Claim should be deemed allowed as an unsecured

claim pursuant to 11 U.S.C. §502.

13. Since defendant's lien is not secured by an allowed secured claim, the lien is void

pursuant to 11 U.S.C. §506 (d).

## **RELIEF**

WHEREFORE, plaintiff requests that this Court grant the following relief:  (1) declare

that the defendant's lien on the 119 Wynwood Drive Willow Street, PA 17584 , is void and

(2) order defendant to take all action necessary to remove and extinguish  the lien from said property.


DATE: September 28, 2016                        /s/ Alaine V. Grbach
                                                    Alaine V. Grbach, Esquire
                                                      Attorney for Debtor
                                                      Attorney I.D. 45485
                                                      675 Estelle Drive

                                                      Lancaster, PA  17601
                                                      (717) 898-8402

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : | Bankruptcy No. 12-21414 |
|  | : |  |
| Antonio L. Bettinsoli | : |  |
| Plaintiff, | : | ADV. PRO. NO |
|  | : |  |
| v. | : |  |
|  | : |  |
| Irwin Home Equity Trust 2007-1, | : |  |
| Defendant | : |  |

### ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of Debtors Motion to Avoid a Lien, it is hereby ORDERED and DECREED that said Motion is GRANTED.

It is hereby DECLARED that the defendant's lien on 119 Wynwood Drive Willow Street, PA 17584, is VOID and defendant is ORDERED to take all action necessary to remove and extinguish the lien from said property.

By the Court:

_____
Magdeline D. Coleman B.J.